I concur with the majority's affirmation of the trial court's ruling with the exception of its treatment of the Sterling Drive, Cortland, Ohio property ("Sterling Property").
The trial court held that the Sterling Property was marital property. The trial court based its decision on its determination that appellant's separate property interest, valued at thirty-two thousand dollars ($32,000), had been transmuted when the McElwees transferred title of the Sterling Property into the names of appellant and appellee, at appellant's request. The majority affirms the lower court's decision with respect to the Sterling Property. I respectfully disagree.
R.C. 3105.17.1(A)(6)(b) reads "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate propertyis not traceable." (Emphasis added.)
In this case, $32,000 is traceable back to appellant as premarital monies contributed by her for purchase of the Sterling Property as her separate property. Tracing these funds in this manner is consistent with this Court's decision in Letson, supra ("it is error to solely rely on the doctrine of transmutation without addressing the traceablility of funds.") The trial court committed such error by over relying on the doctrine of transmutation.
The mere fact that the McElwees transferred title to the Sterling Property into the names of appellant and appellee also is not
dispositive. R.C. 3105.17.1(H) states that merely placing title in the name of two people as husband and wife does not render the property "marital."
Under these circumstances, the trial court did abuse its discretion with respect to its ruling on the status of the Sterling Property. I would reverse the trial court's ruling that the Sterling Property is marital property. I would affirm the remainder of the trial court's decision.